IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| L.J., et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. SAG-84-4409 |
| RAFAEL LÓPEZ, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS' STATUS REPORT

Pursuant to the Court's paperless order entered April 2, 2025 (ECF No. 733), Plaintiffs L.J., et al., by their undersigned counsel, provide the following status report to update the Court regarding issues raised in ECF No. 682 ("Enforcement Motion"), Plaintiffs' motion for enforcement of the placement provisions of the Modified Consent Decree ("MCD," ECF No. 556-2), and Defendants' cross-motion to vacate or modify the provisions requiring them to maintain emergency foster homes (ECF No. 693). Plaintiffs report the following since the Court terminated both motions without prejudice to their being reopened if circumstances warrant, as ordered at the Court's hearing on July 24, 2024 (ECF No. 715).

1. The Baltimore City Department of Social Services ("BCDSS") continues to house Plaintiff foster children in unlicensed placements, violating the MCD's provisions cited in the Enforcement Motion. In recent weeks, approximately three to five children have been housed in hospitals without medical necessity; one child has been placed in a hotel, and one or more children are housed in a BCDSS office most nights. These placements violate the MCD.

1

2. The volume of illegal placements has decreased, however. In particular, Defendants have significantly diminished their utilization of hotels and motels.

3. Defendants have not yet produced a compliant placement/service needs assessment as required by the MCD. At the August hearing, Defendants informed the Court that they had contracted with the Chapin Hall School of Social Work at the University of Chicago, widely viewed as a premier research and policy institution in child welfare, to conduct a statewide assessment, with an initial report that would be made available December 1, 2024. See 7/24/24 Hr'g Tr. 44:12-22 (statement by Defs. counsel that Chapin Hall results would be available "later this year"). Despite requests, nothing was shared with Plaintiffs until March 17, 2025, when the final report by Chapin Hall was provided. The report has much valuable information generally, and has some disturbing findings that pertain to compliance, but it does not assess the sufficiency of the array of placements and gaps therein as required by the MCD. Indeed, the report says that this task was excluded from the scope of work:

> Assessing MDHHS' placement array and provider capacity was not part of the scope of this placement needs assessment. This exclusion made it difficult to examine how much provider capacity, as opposed to other factors (like insufficient placement efforts, youth preference, or providers' inappropriately rejecting referrals), contributed to hospital overstays and stays in hotels and offices. The case review method attempted to discern some of this, but the poor documentation reviewers noted on placement forms limited their ability to fully understand reasons for these stays. … If lack of provider capacity proves to be a key factor in hospital overstays and stays in hotels and offices, MDHHS should focus on expanding specialized placement options:
>
> a. Phase Out Office Stays: Develop protocols that eliminate office stays by requiring immediate coordination between caseworkers and providers to find appropriate placements.
>
> b. Minimize Hotel Dependence: Prioritize expanding treatment foster care and emergency shelter options, as appropriate, to eliminate reliance on hotels as a placement option.

      c. Pilot Crisis Stabilization Units: Establish short-term crisis stabilization facilities as alternatives to hospital overstays, hotel, and office stays, providing immediate care in a more suitable setting while longer-term placements are secured.

      d. Create Step-Down Programs: Design transitional placements for youth leaving intensive care settings (e.g., hospitals) to prepare them for family-based or less restrictive environments.

Chapin Hall Rep. Finding 3. These echo requests that Plaintiffs have made, some of which were presented to the Court at the July 2024 hearing. Progress has been made on (b), *supra*, but Plaintiffs are unaware of progress on (a), (c), and (d). Thus, Defendants still have not produced an assessment of what placements and services they lack and need, or, as they contend, showing that they have everything they need to solve this crisis, now in its sixth year (at least). Thus, at least six years into the placement crisis, Defendants still have not produced an assessment of what placements and services they lack and need. Without such an assessment, Defendants have failed to demonstrate that they have everything they need to solve this crisis.

    4.    Plaintiffs have asked, and Defendants have agreed, to resume monthly meetings and quarterly facilitated problem-solving Forums to address these and other issues. Depending on how those meetings proceed, Plaintiffs will decide whether the Enforcement Motion (ECF No. 682) needs to be reopened as permitted by the Court.

    5.    At the July hearing, the Court raised serious concerns about the lack of compliance data in Defendants' six-month compliance reports. Plaintiffs have not seen sufficient progress in this area to resolve the Court's concerns. Indeed, the problem has worsened because Defendants no longer are utilizing their "QSR" system for assessing compliance with qualitative measures. Even for quantitative measures, many MCD requirements still have "TBD" (to be determined). This issue will need to be addressed in the parties' meetings and conferences, and, if no resolution occurs, might need to be the subject of enforcement proceedings.

6. Plaintiffs no longer object to Defendants' request to modify the MCD by vacating the requirements for emergency foster homes (ECF No. 693).

7. Plaintiffs are seeking possible replacements for the Independent Verification Agent. The data issues discussed above might be an impediment to this process.

> Respectfully submitted,
>
> /s/ Mitchell Y. Mirviss
> Mitchell Y. Mirviss, Fed. Bar No. 05535
> Venable LLP
> 750 East Pratt Street, 9th Floor
> Baltimore, Maryland 21202
> mymirviss@venable.com
> (410) 244-7412
> (410) 244-7742 (fax)
>
> /s/ Stephanie S. Franklin
> Stephanie S. Franklin, Fed. Bar No. 25136
> The Franklin Law Group, P.C.
> 10451 Mill Run Circle, Suite 605
> Owings Mills, Maryland 21117
> sfranklin@franklinlaw.us
> (410) 788-1124
> (410) 788-1176 (fax)
>
> Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 16th day of April, a copy of the foregoing Plaintiffs' Status Report was sent electronically by CM/ECF to all attorneys of record registered to receive such filings.

> /s/ Mitchell Y. Mirviss
> Mitchell Y. Mirviss, Fed. Bar No. 05535